Shaw, C. J.
The indictment is for adultery, charging that said Peter Moore, on, &c., at, &c., did commit the crime of adultery with one Mary Stuart, by then and there, &c., she the said Mary Stuart then and there being a married woman, and having a husband alive ; against the peace, &c.
The error assigned is, that it does not appear but that said Peter Moore and Mary Stuart were married together. The argument urged in behalf of the defendant is, that the indictment charges no crime with sufficient certainty; that all the facts alleged may be true, and yet no crime committed; because, for aught that appears in the indictment, the said parties were man and wife.
We suppose it is pretty clear to common apprehension, what the grand jury meant by this averment; but the difficulty is, that the precision and certainty required in criminal pleading, for the security of the accused, will not admit any thing to be taken by intendment. An averment that one had committed the crime of adultery, without alleging how and in what manner, would be clearly insufficient. The purpose of an indictment is, to allege and set forth those facts which constitute that crime, and, for that purpose, it must appear that the woman, with *245 whom the illicit connection is alleged to have taken place, was not the wife of the accused. This is commonly done by alleging that, at the time, she was the wife of a person named, then living; but perhaps that is not necessary. Any form of words, stating that she was the wife of some person other than the accused, would be sufficient.
It was argued in support of the prosecution, that giving the woman a different name from that of the accused, carried a necessary implication, that she was not his wife; because, had she been his wife, she would have borne his name. Although this practice is general, yet it is not so universal, that giving a woman a surname different from that of a man, raises a necessary implication that she is not his wife. Besides; it is not certain that the jury intended to state the entire Christian and surname of the woman; they may have intended to use her Christian name only, she having a middle name, or the name by which she was commonly known, and could be identified. The court are of opinion, that it is not averred with sufficient certainty, that the alleged illicit intercourse took place with a married woman, not the wife of the accused ; and that, for this cause, the judgment is erroneous.

Judgment reversed.